**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EL RHONDA WILLIAMS ALSTON, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| TATE & KIRLIN ASSOCIATES, and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, EL RHONDA WILLIAMS ALSTON, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, TATE & KIRLIN ASSOCIATES. ("TKA"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

- 1 -

**DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      TKA is a foreign business with its executive offices located at 2810 Southampton Road, Philadelphia, PA 19154-1207.

8.      Upon information and belief, TKA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Tate & Kirlin Associates, concerning a debt owed to ADT Security Systems, Inc., which:

   a.     used a symbol and/or a string of numbers on or visible through the window of the envelope that when read reveals the addressee's account number.

- The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

   a.     Whether the defendants violated various provisions of the FDCPA including but not limited to:

       15 U.S.C. §§1692f and 1693f(8).

b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.   Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.   On or about August 15, 2014, Plaintiff allegedly incurred a financial obligation to ADT Security Systems, Inc. ("ADT").

15.   The ADT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.   The ADT obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17.   ADT is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18.   At some time prior to August 15, 2014, the ADT obligation was placed with TKA for the purpose of collection.

19.   At the time the ADT obligation was placed with TKA, the balance was past due.

20.   On or about August 15, 2014, TKA caused to be delivered to Plaintiff a letter addressed to Plaintiff.  **Exhibit A.**

21.   The August 15, 2014 letter was sent to Plaintiff in connection with the collection of the ADT obligation.

22.    The August 15, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23.    The August 15, 2014 letter was sent or caused to be sent by persons employed by TKA as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24.    The August 15, 2014 letter was mailed in a window envelope.

25.    The envelope provide a window in the top left corner which displayed the follow:

> 2810 Southampton Road
> Philadelphia, PA 19154-1207
>
> XXXXX180

26.    The envelope provide a window in the bottom left corner which displayed the follow:

> [IIII BARCODE IIII]
> El Rhonda Williams Alston
> Street Address
> City, State, Zip

27.    Upon receipt, Plaintiff read the August 15, 2014 letter.

28.    Plaintiff's account number is XXXX180.

29.    The account number constitutes personal identifying information.

30.    The account number is a piece of information that can identify the Plaintiff.

31.    The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor.  And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.  _Douglass v. Convergent Outsourcing_, 765 F. 3d 299 (Third Cir. 2014).

## POLICIES AND PRACTICES COMPLAINED OF

32.    It is TKA's policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by _inter alia_:

(a)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

(b)     Using language and/or symbols on envelopes mailed to consumers that reveal information other than the debt collector's address.

33.     On information and belief, TKA sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692f

34.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 as if the same were set forth at length.

35.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

36.     TKA violated 15 U.S.C. §1692f by:

a.      using unfair and unconscionable collection practices in connection with the collection of a  debt;

b.      using language and symbol on envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. §1692f(8).

37.     By reason thereof, TKA is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen Chulsky, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
        April 20, 2015

                        _s/ Joseph K. Jones_____
                        Joseph K. Jones, Esq. (JJ5509)
                        Law Offices of Joseph K. Jones, LLC
                        375 Passaic Avenue, Suite 100
                        Fairfield, New Jersey 07004
                        (973) 227-5900 telephone
                        (973) 244-0019 facsimile
                        jkj@legaljones.com

                        _s/ Glen Chulsky_____
                        Glen Chulsky, Esq. (GC777)
                        Law Offices of Joseph K. Jones, LLC
                        375 Passaic Avenue, Suite 100
                        Fairfield, New Jersey 07004
                        (973) 227-5900 telephone
                        (973) 244-0019 facsimile


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                        _s/ Joseph K. Jones_____
                        Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 20, 2015

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

# Exhibit

# A

# TATE & KIRLIN ASSOCIATES

2810 Southampton Road
Philadelphia, PA  19154-1207

*2810 Southampton Road*
*Philadelphia, PA  19154-1207*
*Toll Free (877)982-0001 • (215)253-4351*
**www.paytka.com**

180                4 4 00000596
                                      436441

Creditor:              ADT SECURITY SYSTEMS INC
Client Ref #:
Account#:              80
Total Due:             $176.94

ıIlıılıIlııııııılıIlıılııllıılılılılılılılıılııIll
El Rhonda Williams Alston

August 15, 2014

## ⟹   YOUR OPPORTUNITY   ⟸

Our client has authorized us to offer a settlement for 60% of your balance or $106.16 to resolve this debt.  (Saving you $70.78)

Please contact our office at our toll free number should you have any questions or wish to determine if this settlement offer can be made in installments.

Yours truly,

*Thomas McNamee*

Please retain the upper portion of this letter for your records.

### 3 convenient ways to pay

We accept check, money order, Visa/Mastercard (Debit or Credit)  ●  Pay by Phone – Call (877)982-0001
Pay online at www.paytka.com using Account #⬛180

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**



Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

August 15, 2014
El Rhonda Williams Alston - ⬛80
55 STEEPLECHASE BLVD
BURLINGTON, NJ  08016-3027

☐   Enclosed is a payment of $106.16 to settle my account

**Please indicate any address changes below:**

Address: _____
City, State, Zip_____
Home Phone #: _____
Business Phone #: _____

ıIlıılıIlılıIlıılılıılıılıIIlıılıIlılıIlılıIlılıılıı

**Tate & Kirlin Associates**
2810 Southampton Road
Philadelphia, PA  19154-1207

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | | |
|---|---|---|
| **VISA** | CARD NUMBER | EXP. DATE |
| | SIGNATURE | |
| **MasterCard** | AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

V1S
TNK.wfd
436441